IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN PARKER**<br>**3365 Lakeside View Dr.**<br>**Falls Church, VA 22041,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KIRAN AHUJA, DIRECTOR,**<br>**OFFICE OF PERSONNEL**<br>**MANAGEMENT,**<br><br>**Serve:**<br>**Director Kiran Ahuja**<br>**U.S. Office of Personnel Management**<br>**1900 E Street, NW**<br>**Washington, DC 20415-1000**<br><br>**U.S. Attorney General Merrick Garland**<br>**950 Pennsylvania Avenue, NW**<br>**Washington, DC 20530**<br><br>**Civil Process Clerk**<br>**U.S. Attorney's Office for DC**<br>**601 D Street, NW**<br>**Washington, DC 20530**<br><br>    **Defendant** | Case No.<br><br>**Jury Requested** |

## COMPLAINT

**COMES NOW** Plaintiff, John Parker (hereinafter "Plaintiff" or "Mr. Parker"), by and through his undersigned counsel, and sues Kiran Ahuja, Director, Office of Personnel Management ("OPM") for cause of action states as follows:

### NATURE OF THE CASE

1.  Plaintiff brings this civil action pursuant to 5 U.S.C. § 8901, *et seq.*, Public Law

99-251, and 5 C.F.R. §§ 890.102, 890.107, 890.108, for relief to obtain health insurance through the Federal Employees Health Benefits Program ("FEHBPP").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States.

3. Venue is appropriate under 28 U.S.C. § 1391 and is based on the fact that the actions complained of were made by the Defendant, an agency that exists within the District of Columbia.

## EXHAUSTION OF REMEDIES

4. Plaintiff received a letter from Defendant OPM denying his FEHBP coverage on October 5, 2022. *See* Exhibit 1, Letter from Alisha Fralick to John Parker (Oct. 5, 2022) [hereinafter Exhibit 1].

5. Plaintiff filed a letter appealing that decision, and requesting reconsideration of OPM's decision to deny his FEHBP coverage and a waiver of the five (5) year enrollment requirement for FEHBP coverage on October 31, 2022. *See* Exhibit 2, Letter from John Parker to OPM's Legal Reconsideration Branch (Oct. 31, 2022).

6. Plaintiff received a letter from Defendant OPM denying his appeal and request for FEHBP coverage. *See* Exhibit 3, Letter from Keith E. Jackson to John Parker (Jan. 25, 2023).

7. Plaintiff has exhausted all of his administrative remedies as it relates to the instant Complaint.

## PARTIES

8. Plaintiff is currently domiciled at 3365 Lakeside View Dr., Falls Church, VA 22041. Plaintiff is a resident of the State of Virginia and a United States citizen.

9. Defendant OPM is an agency that "serve[s] as the chief human resources agency and personnel policy manager for the Federal Government" and is subject to suit and liability for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents pursuant to the doctrine of Respondeat Superior.

## FACTUAL BACKGROUND

10. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

11. Plaintiff began his postgraduate career in 1983 as a Military Police Officer for the U.S. Army Reserve and served in that role until January 1989.

12. He left that position to join the government as an Evaluator for the U.S. Government Accountability Office, performing comprehensive and independent evaluations of government programs at the direction of Congressional committees. He served in that position from August 1989 until May 1993.

13. For the next two (2) years, Plaintiff served as a Professional Staff Member for the U.S. House of Representatives' Committee on Armed Services, providing budget, policy, and legislative oversight of Department of Defense acquisition programs, and leading the Committee's reviews of defense industry mergers and acquisitions and whistleblower allegations of fraud waste and abuse.

14. Beginning later in 1995 and through 2009, Plaintiff served in the private sector for various companies, including as a Program Manager with Pacific Sierra Research Corporation (1995-1999), Deputy Director for General Dynamics (1999-2003), and Director for BAE Systems Intelligence Innovation (2004-2009).

15. Plaintiff was hired by Office of the Director of National Intelligence ("ODNI") on September 27, 2009 as the Acquisition and Procurement Strategy lead for the Chief Information Officer of the U.S. Intelligence Community, where he directed the development of an Intelligence Community enterprise acquisition strategy and oversaw agency procurements for IT modernization efforts, among other things.

16. Plaintiff left that position in June 2012 to join the U.S. Army's Strategic Studies Group as a Fellow for the Chief of Staff at the Pentagon as part of two-year detail. In that role, he was given a "Commander's Award" for accomplishing his duties of providing independent, unconventional, and revolutionary strategic research and analysis and developing concepts to revolutionize warfighting that span the full range of Army doctrine, operations, training, modernization, logistics, personnel, and facilities.

17. From July 2014 to April 2017, he rejoined ODNI as the Technical Director for the Intelligence Community Security Coordination Center, which was created to coordinate the cyber defense of the seventeen agencies comprising the U.S. Intelligence Community, and which is one of seven Presidentially-designated Federal Cybersecurity Centers.

18. Plaintiff left ODNI again in April 2017 to serve on a detail in the White House as Special Advisor to the Vice President for space, cyber, intelligence, weapons of mass destruction, and science and technology, where he represented the Vice President on national security matters within the National Security Council, among other matters. While there, he re-enrolled in FEHBP coverage on January 7, 2018.

19. Plaintiff re-joined ODNI in July 2018 as the SES 2 (Senior Executive Service) member for Intelligence Community Space Executive and National Intelligence Manager for Space, where he founded the intelligence community's premier space intelligence and policy

office, and served as the principal space policy advisor to the Director of National Intelligence.

20. Plaintiff had initially enrolled in FEHBP coverage when he joined ODNI in 2009, but he waived FEHBP coverage from October 20, 2013, through January 6, 2018. Beginning on January 7, 2018, Plaintiff reenrolled in FEHBP.

21. In the months leading up to his retirement in 2022, Plaintiff engaged in discussions with ODNI's human resources ("HR") office regarding when he could retire and still retain his FEHBP coverage upon his retirement from federal service.

22. During those discussions, ODNI's HR erroneously informed Plaintiff that he could retire on July 29, 2022, stating that he met the eligibility requirements for continuous FEHBP coverage if he retired on that date.

23. Relying on HR's advice and confirmation of service dates, Plaintiff filed his retirement application with an effective date of July 29, 2022, and retired from ODNI on that date.

24. Over the next few months, he and his wife paid the premiums for FEHBP insurance coverage and used that coverage when they went to various doctors' appointments.

25. In or around mid-September 2022, Plaintiff received a phone call from ODNI HR informing him that they made a mistake in calculating his retirement date to continue receiving FEHBP coverage.

26. The ODNI HR representative informed him that Defendant OPM had contacted them about denying his coverage, but that ODNI would fully support his appeal of their denial decision since it was their mistake.

27. On or around October 11, 2022, Plaintiff received a letter from Alisha Fralick, Senior Legal Administrative Specialist, of Defendant OPM's Office of Retirement Services, denying his request to continue FEHBP coverage upon his retirement from Defendant OPM due to his failure to meet that agency's requirements for continuous coverage for 5 years.

28. A person retiring from the federal government must meet one of the following requirements to continue coverage: "continuous FEHBP coverage during the five years of service preceding retirement, either as an employee or family member of an FEHBP enrollment" or "continuous FEHBP coverage through all periods of service during which you are eligible (if less than five years)." *See* Exhibit 1.

29. Because the Plaintiff allegedly did not meet either one of those requirements, and after he received the October 11 letter, he reached out to his former employer, ODNI, requesting clarification, as its HR had erred in calculating his retirement date based on what it had indicated to him in September 2022.

30. In or around early October, 2022, Plaintiff's wife went to pick up a prescription at their local pharmacy and was told that their coverage was denied.

31. On or about October 27, 2022, ODNI sent a letter addressed to Defendant OPM regarding their culpability with respect to incorrectly informing Plaintiff that he could retire by late July 2022 and still meet the continuous service requirements. *See* Exhibit 4, Letter from Jennifer Mahony, Chief Human Resource Management, to OPM (Oct. 26, 2022).

32. On or about October 31, 2022, Plaintiff filed a request for reconsideration with Defendant OPM's Legal Reconsideration Branch ("LR Branch") to reconsider and appeal its earlier decision denying his FEHBP. In that letter, he also requested a waiver of the 5-year continuous coverage requirement on the basis that he was erroneously informed about his

retirement date.

33. Beginning in December 2022, and due to the denial of coverage, Plaintiff and his family have received bills in the mail and have had to pay all of the out-of-pocket costs for the medical treatments and prescriptions they had while they were operating under the assumption they were covered by FEHBP, which was from approximately July 30, 2022 through October 4, 2022.

34. After not hearing anything from for several months, on or about January 25, 2023, Defendant OPM, through Keith Jackson, Legal Administrative Specialist, issued a decision denying Plaintiff's request for relief.

## COUNT ONE

### (Improper Denial of Eligibility to FEHBP into Retirement and Failure to Consider Waiver Pursuant to 5 U.S.C. § 8901, et seq., Public Law 99-251, and 5 C.F.R. §§ 890.102, 890.107, 890.108)

35. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

36. Plaintiff requested information from ODNI's HR office regarding his eligibility for continuing FEHBP coverage into retirement. Plaintiff thereafter relied on the advice of ODNI's HR office in calculating his retirement date of July 29, 2022, and retired on that date.

37. Defendant OPM denied Plaintiff's request for FEHBP coverage on October 11, 2022, and back-dated the effective date of the lack of coverage to his July 29, 2022 retirement.

38. ODNI informed Defendant OPM of ODNI HR's mistake and misinformation to Plaintiff in a letter from October 27, 2022.

39. Plaintiff intended to continue FEHBP coverage into retirement.

40. Plaintiff requested Defendant OPM reconsider his request for FEHBP coverage and issue a waiver of the 5-year requirement of continuous coverage based on ODNI's letter admitting it "misinformed Mr. Parker of his post-retirement FEHB eligibility based on an administrative error" regarding the calculation of his retirement date in order to continue receiving this insurance upon his retirement.

41. Defendant OPM issued a decision denying the Plaintiff FEHBP coverage on January 25, 2023, while not addressing his request for waiver or ODNI's miscalculation for which Plaintiff relied on regarding his retirement date.

42. This denial of coverage and failure to consider his request for waiver was improper because Plaintiff clearly intended to have FEHBP coverage when he retired.

43. This is indicated by the fact that he and his wife used that insurance in the months after he retired until his benefits no longer worked and by the fact that he submitted a request for reconsideration of the denial of benefits at the end of October 2022.

44. Plaintiff had no control over calculating his retirement date, as ODNI's HR office was in sole control of his service dates, and he relied on their knowledge and expertise in picking his retirement date.

45. Plaintiff also acted reasonably in protecting his right to continue his FEHBP coverage by contacting his former employer (ODNI) to seek clarification as soon as he formally learned that he was denied coverage on October 11, 2022, and filing a request for reconsideration with Defendant OPM within the prescribed time period to appeal its denial.

46. In reviewing the factors Defendant OPM considers in evaluating a person's waiver request for continued FEHBP coverage, three of the five factors OPM may consider are met.

47.     For the first factor, Plaintiff had no control over the events that led up to termination of his coverage, as he relied, to his detriment, on ODNI's HR office in calculating his retirement date, due to the fact they were in sole possession of his service dates and records needed to determine how long he had his insurance coverage for.

48.     For the second factor, Plaintiff acted promptly to gain FEHBP coverage as soon as he and his wife learned that they were not going to be getting free insurance through her company any longer. He disenrolled from FEHBP in 2013 when they were able to receive the free insurance, but as soon as that ended, he sought FEHBP coverage and obtained it again.

49.     For the third factor, Plaintiff had substantial FEHBP coverage throughout his federal career, with coverage from around September 27, 2009, through October 19, 2013, and then again from January 7, 2018, through July 29, 2022.

50.     There existed exceptional circumstances for Plaintiff beyond his control which warranted an exercise of Defendant OPM's discretion in the name of "equity and good conscience", which is considered for granting a waiver according to the criteria set forth by OPM.

51.     As such, Defendant OPM improperly denied Plaintiff's request for reconsideration and the waiver he requested under the statutes and regulations named herein.

## COUNT TWO
**(Violation of Due Process Clause, U.S. Constitution, Fifth Amendment)**

52.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

53.     Plaintiff relied on the advice of ODNI's HR office in calculating his retirement date of July 29, 2022, and retired on that date.

54. Defendant OPM denied Plaintiff's request for FEHBP coverage upon his retirement in the letter he received on October 11, 2022.

55. ODNI informed Defendant OPM of this mistake in a letter from October 27, 2022.

56. Plaintiff requested Defendant OPM reconsider his request for FEHBP coverage and issue a waiver of the 5-year requirement of continuous coverage based on ODNI's letter admitting it "misinformed Mr. Parker of his post-retirement FEHB eligibility based on an administrative error" regarding the calculation of his retirement date in order to continue receiving this insurance upon his retirement.

57. Defendant OPM issued a decision denying the Plaintiff FEHBP coverage on January 25, 2023, while not addressing his request for waiver or ODNI's miscalculation for which Plaintiff relied on regarding his retirement date.

58. Because Defendant OPM failed to consider and address Plaintiff's request for reconsideration of the denial of his FEHBP coverage and his request for waiver of the 5-year continuous coverage requirement, it violated the Plaintiff's rights to due process of law and improperly denied his request for coverage and/or a waiver.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in a fair and just amount;

b. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant OPM's unlawful conduct, including for loss of benefits of payment of out-of-pocket expenses sustained as a result of Defendant's unlawful conduct;

c. Award reasonable attorney fees, costs, and expenses with interest incurred for this action;

d. Award equitable, declaratory, and injunctive relief; and

e. Award any such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

1. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

2. Plaintiff requests equitable relief in the form of having him reenrolled in FEHBP coverage, backdated to his retirement date of July 29, 2022.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

February 24, 2023          Respectfully submitted,

By: /s/ Donna Williams Rucker
Donna Williams Rucker (DC Bar No. 446713)
Managing Partner
Tully Rinckey, PLLC
2001 L Street, NW, Suite 902
Washington, DC 20036
(202) 787-1900
(202) 640-2059

drucker@fedattorney.com

Counsel for Plaintiff